UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTEES OF THE SOUTHERN CALIFORNIA IBEW-NECA PENSION PLAN, et. al.,<br><br>Plaintiffs,<br><br>vs.<br><br>CURRENT SYSTEMS TECHNOLOGY, INC., etc.,<br><br>Defendant. | CASE NO.: CV 09-06433-MMM(RZx)<br><br>Discovery Issues Assigned to the Honorable Ralph Zarefsky<br><br>**PROTECTIVE ORDER** |

On February 11, 2010, Plaintiffs Trustees of the Southern California IBEW-NECA Pension Plan, et al. (the "Trustees") served on Defendant Current Systems Technology, Inc. ("Current Systems"), Request for Production of Documents, Set 1 ("Request 1"). On April 2, 2010, the Trustees served on Current Systems Request for Production of Documents, Set 2 ("Request 2"). Request 1 and Request 2 are referred to collectively as the "Requests." The Requests seek production of documents containing the names, addresses, and social security numbers ("Identification Information") of Current Systems' employees. Although this Identification Information is confidential in nature, the Trustees require the information in order to determine if Current Systems owes fringe benefit contributions to the Trustees.

///

**IT IS HEREBY ORDERED,** pursuant to the "Stipulation for Protective Order" entered into by and among the Trustees and Current Systems, and good cause appearing therefore:

1. The Trustees shall not furnish, show, disclose or otherwise disseminate any documents containing Identification Information, produced by Current Systems to the Trustees pursuant to the Requests, except to: (a) the Trustees, their agents and employees; (b) counsel for the Trustees and office personnel assisting counsel in the preparation and trial of this action; and (c) experts and consultants who are assisting said counsel in preparation and/or trial. The Trustees shall require any person(s) identified in subparagraphs (a) through (c) to be bound to this order.

2. The documents containing Identification Information may only be used for the purpose of calculating, collecting and allocating fringe benefit contributions allegedly owed by Current Systems to the Trustees for work performed by employees of Current Systems. The documents containing Identification Information may not be used for any other purpose by anyone, including those persons identified in Paragraph 1 herein.

3. The documents containing Identification Information produced pursuant to the Requests shall be maintained in the possession and control of the Trustees and the Trustees' counsel in such a manner that the information is not accessible to individuals not bound by this order.

4. Unless the Court orders otherwise, the Trustees may only file documents containing Identification Information with the Court after obtaining an order to seal pursuant to Local Rules 79-5.1 - 79-5.4.

5. The Trustees may redact the documents containing Identification Information by blocking out addresses and social security numbers contained therein. Documents that have been so redacted, and remaining any Identification Information thereon, will not be disclosed to or used by anyone except solely for the purpose of calculating, collecting and allocating fringe benefit contributions allegedly owed by

Current Systems to the Trustees for work performed by employees of Current Systems. Documents that have been so redacted may be filed with the Court in this action, without an order to seal. No person, party or witness shall use or reproduce any Identification Information obtained or disclosed in this action for their personal use or gain, for purposes of competition or otherwise or for any other purpose other than calculating, collecting and allocating fringe benefit contributions allegedly owed by Current Systems to the Trustees for work performed by employees of Current Systems.

6. In the event that the Trustees are ordered by a court or any state, federal or governmental unit to produce the documents containing Identification Information, they shall provide reasonable notice to Current Systems, through their counsel, of that court order or command, so as to allow Current Systems to file an appropriate opposition to such order or command.

7. Upon resolution of this action, the documents containing Identification Information, produced by Current Systems pursuant to the Requests, shall be held by Trustees' counsel pending final resolution of this litigation by appeal or otherwise. Within six (6) months after such final resolution, the documents containing Identification Information, produced by Current Systems pursuant to the Requests, shall be returned to Current Systems' counsel.

DATED: May 21, 2010

_____
UNITED STATES MAGISTRATE JUDGE